528 P.2d 1295

**SOUTHERN IDAHO FISH AND GAME ASSOCIATION, a corporation et al., Plaintiffs-Respondents,**

v.

**PICABO LIVESTOCK, INC., a corporation, Defendant-Appellant.**

**No. 11269.**

Supreme Court of Idaho.

July 22, 1974.

On Rehearing Dec. 18, 1974.

Benoit, Benoit & Alexander, Edward L. Benoit, Twin Falls, D. Blair Clark, Boise, for defendant-appellant.

Edward H. Heap, Ketchum, for plaintiffs-respondents.

W. Anthony Park, Atty. Gen., Boise, amicus curiae.

Jones & Jones, T. J. Jones, III, Boise, for Idaho Fish & Game Commission, amicus curiae.

Anderson, Kaufman, Anderson & Ringert, Boise, for Idaho Cattlemen's Association, amicus curiae.

BAKES, Justice.

Plaintiff-respondent Southern Idaho Fish and Game Association, hereinafter respondent, brought a declaratory judgment action to have the court determine the rights of the members of respondent and the members of the public similarly situated, in and to the use of the waters of Silver Creek, and the bed, channels and banks thereof for fishing and recreational uses.

Silver Creek, with its headwaters in Blaine County, is generally known as the stream that is formed where two of its main tributaries—Stocker Creek and Grove Creek—join together. A short distance downstream from this area another principal tributary, Loving Creek, adds its waters to Silver Creek. Silver Creek is renowned as one of the best fly fishing streams in the United States.

Appellant Picabo Livestock, Inc., hereinafter appellant, an Idaho corporation, owns land in Blaine County through which Silver Creek flows. On September 15, 1968, appellant, through its president, Mr. Leonard N. Purdy, ordered six members of respondent association to leave the creek stating that they were trespassing on private property. Three of the members were fishing from float rings and three were fishing from a boat. All of the fishermen entered the creek upstream from appellant's land and at all times stayed in the water except for a portage around Kilpatrick Dam. Appellant ordered all fishermen off the stream who did not have a "trespasser's permit" or permission from appellant to fish Silver Creek as it flowed through appellant's land.

On September 19, 1968, members of respondent floated nine logs with diameters in excess of 6½ inches down Silver Creek. Four of the logs were pulled out at the Highway 23 bridge below appellant's property, and three floated past the bridge without being retrieved.

After a non-jury trial, the trial court held that Silver Creek is navigable where it flows through the ranch lands owned by appellant. The court further held that Silver Creek was a public highway up to the high water mark and that respondents and other members of the public have the right to use the waters of Silver Creek and the bed, channels and banks thereof, up to the high water mark, as a public highway for travel and passage, up or downstream, for business or pleasure, and to exercise the incidents of navigation—boating, swimming, fishing, hunting and all recreational purposes—so long as they can enter into the waters thereof by not crossing dry land owned by the defendant. The trial court also found that as a necessary incident to

the use of Silver Creek as a public highway for travel and recreational uses, members of the public could remove themselves and their boats, floats, canoes, or other floating crafts, from the stream and walk or portage such crafts around irrigation dams which completely obstruct the navigation of the stream and which do not have connected therewith sluiceways, locks or sufficient fixtures so arranged as to permit timber or boats and other floating crafts to pass around, through or over said dams without unreasonable delay or hindrance, and then re-enter the stream immediately below said dams at the nearest point where it is safe to do so. From the judgment of the trial court appellant brings this appeal.

The basic issues before the trial court and this Court on appeal are whether Silver Creek is navigable and, if so, what are the rights of the public to use a navigable stream. Idaho Code §§ 36–901 and 36–907 provide as follows:

"36–901. *Public waters highways for fishing.*—Navigable rivers, sloughs or streams within the meander lines or not meandered between the lines of ordinary high water thereof, of the state of Idaho, and all rivers, sloughs and streams flowing through any public lands of the state shall hereafter be public highways for the purpose of angling or fishing thereon and any right or title to such streams or lands between the high water flow lines or within the meander lines of navigable streams shall be subject to the right of any person owning a fish license of this state, who desires to fish therein or along the banks, to go upon the same for such purpose."

"36–907. *Navigable streams for fishing.* —For the purpose of this act, the following streams or parts of streams are declared navigable streams: . . . and every other stream or part of a stream on which logs or timber can be floated to market or the place of use during the high water season of the year. For the purpose of this act, logs and timber are defined as any cut timber having a diameter in excess of six (6) inches; high water is defined as the time of year when the stream normally carries its greatest volume."

■ The trial court found that under the provisions of I.C. § 36–907, Silver Creek is a navigable stream as it is a stream on which logs or timber having a diameter in excess of six (6) inches can be floated to market or other place of use, and that under the provisions of I.C. § 36–901, Silver Creek is a public highway for the purpose of angling or fishing thereon and therein along the bed, channels and banks thereof up to the high water flow line. We have examined the record in this case and find that, although conflicting, there is substantial, competent evidence to support the trial court's finding. Accordingly, the trial court's finding will not be set aside on appeal. Smith v. Smith, 95 Idaho —, 521 P.2d 143 (1974).

■ The trial court further found that the public's right to use Silver Creek extended not only to the incidents of fishing pursuant to I.C. § 36–901, but also boating, swimming, hunting and all recreational purposes. In so doing, the trial court found that Silver Creek was "navigable" under both the early and more modern tests of navigability. The court then found that as the title to all water in Silver Creek belongs to the State of Idaho under Article 15, section 1, Idaho Constitution, and I.C. § 42–101, subject to appropriative rights, that there is an easement in the state on behalf of the public for a right of way through the natural channels of Silver Creek for such waters upon and over the lands submerged by them. The trial court set forth the following as the test of navigability in Idaho: Any stream which, in its natural state, will float logs or any other commercial or floatable commodity, or is capable of being navigated by oar or motor propelled small craft, for pleasure or commercial purposes, is navigable. In so holding, the trial court reasoned that in accordance with modern authorities, the basic question of navigability

is simply the suitability of a particular water for public use.

We affirm the trial court's statement of the test for navigability and its conclusion that Silver Creek, under the test as stated was navigable. We also affirm the trial court's findings concerning the right of the public to use Silver Creek for recreational purposes. In People v. Mack, 19 Cal.App. 3d 1040, 97 Cal.Rptr. 448 (1971), the California appellate court, in addressing itself to similar issues, stated:

> "The modern determinations of the California courts, as well as those of several of the states, as to the test of navigability can well be restated as follows: Members of the public have the right to navigate and to exercise the incidents of navigation in a lawful manner at any point below high water mark of the waters of this state which are capable of being navigated by oar or motor propelled small craft."

The court further stated:

> "It hardly needs citation of authorities that the rule is that a navigable stream may be used by the public for boating, swimming, fishing, hunting and all recreational purposes. (Citations omitted)." At p. 451 of 97 Cal.Rptr.

*See also* Day v. Armstrong, 362 P.2d 137 (Wyo.1961); Annot., 47 A.L.R.2d 381 (1956); Clark, Waters and Water Rights, § 37.2(c) at p. 209, (1967).

Appellant urges this Court to adhere to the test of navigability that is used in federal actions where title to stream beds is at issue.[1] However, the question of title to the bed of Silver Creek is not at issue in this proceeding. This is not an action by the State of Idaho or respondent to quiet title to the bed of a navigable stream. It is an action to declare the rights of the public to use a navigable stream. The federal test of navigability involving as it does property title questions, does not preclude a less restrictive state test of navigability establishing a right of public passage wherever a stream is physically navigable by small craft. *See* People v. Mack, *supra*; Day v. Armstrong, *supra*; Clark, Water & Water Rights, § 37.4, at p. 213 (1967).

Under the test of navigability adopted herein, there is substantial, competent evidence to support the trial court's finding that Silver Creek is navigable. Accordingly, such finding will not be disturbed on appeal. Smith v. Smith, *supra*.

Judgment affirmed. Costs to respondent.

DONALDSON and McQUADE, JJ., and BURTON, District Judge, concur.

SHEPARD, C. J., dissents without opinion.

## ON REHEARING

A petition for rehearing was filed and granted, and the matter was re-argued. The Court adheres to its previous opinion.

---

1. The Daniel Ball, 10 Wall. 557, 10 L.Ed. 999 (1870). *See also* Utah v. United States, 403 U.S. 9, 91 S.Ct. 1775, 29 L.Ed.2d 270 (1971).